UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERNEST M., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. C18-5709-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the ALJ's decision is REVERSED and this matter is REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] He has a GED, and has worked as a mold technician

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

and greenhouse nursery worker. (AR 166.)

Plaintiff applied for DIB in January 2015. (AR 75, 148-49.) Those applications were denied initially and upon reconsideration and Plaintiff timely requested a hearing. (AR 95-97, 99-100, 103-04.)

On March 2, 2017, ALJ Sue Leise held a hearing in Portland, Oregon, taking testimony from Plaintiff and a vocational expert (VE). (AR 43-74.) On July 5, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 24-35.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 10, 2018 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since December 9, 2014, the alleged onset date. (AR 26.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's status post bilateral foot surgery in childhood, status post recent right triple arthrodesis, pes planus, bilateral tibial tendinitis of the right and left legs, and osteoarthritis of the bilateral feet. (AR 26-27.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 27.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of sedentary work, with the following exertional limitations: he can lift/carry up to 10 pounds occasionally and five pounds frequently, can stand or walk for two hours in an eight-hour workday, and can sit for up to eight hours in an eight-hour workday. He cannot use the lower extremities for the operation of foot controls. He can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid exposure to excessive vibration and cannot work around hazards such as unprotected heights and dangerous machinery. He needs to alternate sitting and standing such that he can sit for 45 minutes to an hour and would then need to stand for five to 10 minutes and could then return to a seated position, throughout the eight-hour workday, without the need to leave the workstation aside from scheduled breaks. He would do best with tasks that do not require walking on uneven terrain. (AR 27.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 33.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as touchup inspector, dowel inspector, and copy examiner. (AR 34.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

1 than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable
2 mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750
3 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's
4 decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.
5 2002).

6 Plaintiff argues the ALJ erred in (1) assessing the medical evidence, including certain
7 opinions and evidence showing he meets Listing 1.02; (2) discounting his subjective symptom
8 testimony; and (3) discounting a statement written by Plaintiff's wife. The Commissioner argues
9 that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Listing 1.02

Plaintiff argues that the ALJ erred in finding at step three that he does not meet Listing 1.02.

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original).

One of the requirements of Listing 1.02 is the inability to ambulate effectively, which is defined as the inability to "sustain[] a reasonable walking pace over a sufficient distance to be able

to carry out activities of daily living." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00.B2(b)(2). In his opening brief, Plaintiff points to various places in the record that describe his functional limitations, but none of these directly indicates that he cannot carry out his activities of daily living. Dkt. 10 at 9. In his reply brief, Plaintiff points to a medical opinion that could support such a finding, but the ALJ discounted that opinion and as explained *infra* the ALJ provided legally sufficient reasoning for doing so. Accordingly, Plaintiff has not established a step-three error in the ALJ's decision.

But because this case must be remanded on other grounds, as explained *infra*, the ALJ may reconsider whether the updated record on remand indicates that Plaintiff meets Listing 1.02.

## Subjective symptom testimony

The ALJ discounted Plaintiff's subjective testimony, finding his allegations to be inconsistent with the medical evidence, which documented improvement with treatment, as well as Plaintiff's daily activities. (AR 29-31.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit.[2] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

With respect to his activities, Plaintiff argues that the ALJ erred in citing his activities because she did not show that these activities "meet the threshold for transferable work skills[.]" Dkt. 10 at 4. But the ALJ did not cite Plaintiff's activities as evidence of transferable work skills; she cited them as evidence inconsistent with his allegations. (AR 31.) Specifically, the ALJ noted that Plaintiff reported an ability to walk a couple of miles with his dog and perform household chores, which she found to suggest that Plaintiff retained more functionality than he alleged. (AR

---

[2] Some portion of Plaintiff's opening brief appears to pertain to a different claimant. *See* Dkt. 10 at 4:15-26.

29, 31.) The record does not indicate that Plaintiff was able to perform these activities consistently throughout the adjudicated period, however. For a few months in 2014 (prior to the alleged onset date), Plaintiff reported an ability to walk some distance or perform household chores, but the ALJ overlooked that Plaintiff reported increased pain after engaging in even those activities. (*See* AR 291 (February 2014 report of an ability to do home chores, drive), 300 (April 2014 report of mowing the lawn), 308 (May 2014 report of walking a couple of miles with his dog).) The remainder of the record indicates that Plaintiff struggled to complete activities such as driving, standing, and walking. (*See, e.g.*, AR 307 (May 2014 report of an inability to drive due to pain), 310 (May 2014 report of minimal functionality due to an ankle injury), 313 (Plaintiff reports an inability to work in June 2014 due to foot pain), 322 (same, in December 2014), 324 (January 2015 note indicating that Plaintiff's "[p]ain significantly worsening and difficulty standing or any activity"), 432 (November 2015 Plaintiff presents to emergency department complaining of foot pain "worse with movement, walking, palpation"), 439 (June 2016 note reporting foot pain causing "difficulty in walking, localized swelling, pain and bruising"), 449 (September 2016 Plaintiff's provider opines he cannot walk 200 feet).) The ALJ appears to have plucked isolated instances of increased functioning out of a record that, on the whole, corroborates Plaintiff's reports of functional limitations caused by foot pain. Plaintiff's activities are therefore not a convincing reason to discount his allegations.

Plaintiff also disputes the ALJ's finding that his condition improved after a foot surgery. (AR 30.) As support for this finding, the ALJ cited Plaintiff's reports of decreased pain and his provider's instruction to increase activity, in May-July 2015. (AR 30.) A review of the entire record reveals that Plaintiff's surgery did not entirely resolve many of his symptoms, however, despite the provider's optimism in July 2015. Later in 2015 and throughout 2016, Plaintiff

reported increased pain and decreased functionality. (*See, e.g.*, AR 432 (November 2015 Plaintiff presents to emergency department complaining of foot pain "worse with movement, walking, palpation"), 439 (June 2016 note reporting foot pain causing "difficulty in walking, localized swelling, pain and bruising"), 444 (August 2016 note indicating Plaintiff walks with a slight limp), 446 (June 2016 note indicating Plaintiff walks with a "distinct limp"), 447 (May 2016 Plaintiff reports more left foot pain than normal, and his provider observes slight limp and swelling), 449 (September 2016 Plaintiff's provider opines he cannot walk 200 feet).) The ALJ pointed to modest improvement without accounting for the entirety of the record, and thus this reason is not a convincing basis on which to discount Plaintiff's testimony.

Because the ALJ failed to provide legally sufficient reasons to discount Plaintiff's testimony, the ALJ's decision must be reversed. Although Plaintiff requests a remand for a finding of disability, she makes no effort to show that this remedy is warranted under the circumstances of this case. *See* Dkt. 10 at 12. A remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Because the record contains conflicts regarding the extent of Plaintiff's limitations that must be resolved before a finding of disability could be entered, the Court exercises its discretion to remand for further proceedings. *See Treichler*, 775 F.3d at 1105.

<u>Lay evidence</u>

Plaintiff's wife wrote a narrative statement in February 2017 describing Plaintiff's symptoms and limitations. (AR 246-47.) The ALJ discounted the statement, finding it inconsistent with the evidence of Plaintiff's improvement with treatment. (AR 33.) Plaintiff argues that this reasoning was not legally sufficient. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If

the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

As explained above, the ALJ's finding that Plaintiff improved with treatment is not supported by substantial evidence, and thus is not a germane reason to discount Plaintiff's wife's statement. On remand, the ALJ shall reconsider Plaintiff's wife's statement and either credit it or provide legally sufficient reason to discount it.

<u>Medical opinion evidence</u>

Plaintiff challenges the ALJ's assessment of medical opinions provided by Joseph Leas, D.P.M., and Bertram Berney, M.D., arguing that the ALJ erred in discounting these opinions based on the providers' limited treating relationship with Plaintiff, because the ALJ instead credited opinions provided by non-examining State agency consultants. Dkt. 10 at 7-8.

Even if that reason is insufficient, the ALJ also explained in detail how various findings within the opinions of Drs. Leas and Berney were not supported by clinical findings, and this is a legally sufficient reason to discount those portions of the opinions. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Because this case must be remanded, however, the ALJ should reconsider the medical opinion evidence in light of any updated treatment records, and, if necessary, further develop the record.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 17th day of April, 2019.

                                          Mary Alice Theiler
                                          United States Magistrate Judge